HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, a Delaware corporation; and VERA BRADLEY DESIGNS, INC., an Indiana corporation,

    Plaintiff,

v.

LINDA KURTH,

    Defendant.

Case No. 2:18-cv-00353-RAJ

**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Default Judgment. Dkt. # 12. Defendant Linda Kurth was properly served with a Complaint and Summons, but has not filed a response or otherwise appeared in this action. Dkt. # 9. For the following reasons, the Motion is **GRANTED**.

## II. BACKGROUND

Plaintiffs Amazon.com ("Amazon") and Vera Bradley Designs, Inc. ("Vera Bradley") allege Defendant Kurth owns and operates an Amazon Seller Account where she sells counterfeit Vera Bradley products. Dkt. # 1 at 9. On or around June 29, 2017, Vera Bradley received letters from U.S. Customs and Border Protection (CBP) concerning a seizure of four imported shipments. Dkt. # 13 at 4-7. The shipments allegedly contained products with counterfeit Vera Bradley trademarks and identified Defendant as the

ORDER – 1

importer on record. *Id*. Soon thereafter, Vera Bradley informed Amazon that Kurth was advertising and selling purportedly genuine Vera Bradley products on Amazon's online platform. Dkt. # 14. On or around August 4, 2017, Amazon ordered a "Vera Bradley Midnight with Mickey Campus Backpack" through Kurth's Amazon Seller Account and, upon inspection, confirmed the purchased bag was a counterfeit. Dkt. # 13, ¶ 5; Dkt. # 14, ¶ 5 . In April 2018, Vera Bradley ordered a "Vera Bradley Campus Backpack" from eBay seller Linda Kurth that was also a counterfeit. Dkt. # 13, ¶ 6. Amazon's records reflect that Kurth sold $613,818.77 dollars of Vera Bradley products before Amazon blocked her account from further sales. Dkt. # 14, ¶ 6.

On March 8, 2018, Plaintiffs filed a Complaint against Defendant for advertising, marketing, selling, and distributing counterfeit Vera Bradley products and for breach of contract. Dkt. # 1. On March 16, 2018, Kurth was served. Dkt. # 9. On or around April 3, 2018, Kurth responded to Plaintiffs' counsel by letter and admitted to purchasing the majority of the accused products from other sellers on eBay. Dkt. # 16. She claimed that she did know the products were counterfeits. *Id.* at 10. Since April 2018, Kurth has not communicated with Plaintiffs' counsel or appeared in this litigation. Dkt. # 12 at 3. On July 17, 2018, Plaintiffs moved for default against Kurth. Dkt. # 11. On September 12, 2018, Plaintiffs moved to enter default judgment against Kurth on all claims, seeking actual and statutory damages, a permanent injunction and attorney's fees. Dkt. # 12.

### III. LEGAL STANDARD

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir.1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002). Although the entry of default judgment under Rule 55(b) is "an extreme measure," disfavored cases should be decided upon their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

ORDER – 2

In addition, Federal Rule of Civil Procedure 55(b)(1) permits the court to enter default judgment when the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In moving the court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the court must hold a hearing or otherwise ensure that the damage award is appropriate, reasonable and demonstrated by evidence. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *see also Getty Images (US), Inc. v. Virtual Clinics,* 2014 WL 358412 (W.D. Wash. 2014). In determining damages, a court can rely on the declarations submitted by the plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.,* 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Where there is evidence establishing a defendant's liability, the court has discretion, not an obligation, to enter a default judgment. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988). Since deciding for or against default judgment is within the court's discretion, a defendant's default does not *de facto* entitle a plaintiff to a court-ordered judgment. *Curtis v. Illumination Arts, Inc.,* 33 F. Supp. 3d 1200, 1210–11 (W.D. Wash. 2014).

### IV. DISCUSSION

In exercising its discretion, the Court considers the "*Eitel*" factors: (1) the substantive merits of plaintiff's claims, (2) the sufficiency of the claims raised in the complaint, (3) the possibility of prejudice to the plaintiff if relief is denied, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

As discussed below, the Court has considered each of the *Eitel* factors and finds they weigh in favor of granting default judgment.

ORDER – 3

### A. Application of *Eitel* Factors

#### i. Merits of the Claims, Sufficiency of the Complaint, and Prejudice to Plaintiffs

The substantive merits of the claims and the sufficiency of the Complaint are often analyzed together. *Curtis*, 33 F. Supp. 3d. at 1211. Additionally, while prejudice to the plaintiff is a factor to be analyzed independently under *Eitel*, it is discussed in this section because Plaintiffs' recourse flows from their ability to demonstrate merit to their claims. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d at 1048. As discussed below, the Court finds that Plaintiffs have invoked a cognizable legal theories and alleged sufficient facts for the Court to conclude they have stated claims upon which relief may be granted.

#### 1. Trademark Infringement

Vera Bradley bases its trademark infringement claim on 15 U.S.C. § 1114 and 15 U.S.C. § 1127. To prevail, Vera Bradley must show that Kurth used (1) a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered trademark, (2) without its consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive. 15 U.S.C. § 1114(1)(a); *Southern California Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014). The test of likelihood of confusion is "whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin of the goods or service bearing one of the marks." *Dreamwerks Prod. Grp., Inc. v. SKG Studio, dba Dreamworks SKG*, 142 F.3d 1127, 1129 (9th Cir. 1998)*; Jada Toys, Inc. v. Mattel, Inc.,* 518 F.3d 628, 632 (9th Cir. 2008). Here, Vera Bradley alleges it owns the registered trademarks in this complaint. *See* Dkt. # 1-1 at 2-6 (copies of Vera Bradley trademark registrations). Vera Bradley has also set forth facts demonstrating that Kurth has and continues to advertise, market, sell, offer to sell and distribute counterfeit bags as genuine Vera Bradley products. Dkt. # 1 at 11. Therefore, Vera Bradley has stated a claim for trademark infringement.

ORDER – 4

### 2. False Designation of Origin

Vera Bradley's false designation of origin claim requires it show (1) the terms or logos in question are valid and protectable trademarks, (2) the plaintiff own these marks as trademarks, (3) the plaintiff used these marks in commerce, and (4) the defendant used false or misleading descriptions of fact or "terms or designs similar to plaintiff's marks without the consent of the plaintiff in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods." 15 U.S.C. § 1125(a); *Dr. JKL Ltd. v. HPC IT Educ. Ctr.,* 749 F. Supp. 2d 1041. As with the trademark infringement claim, Vera Bradley alleges that it owned and used the trademarks in question for its commercial products, that those trademarks are valid and registered, and that Kurth advertised counterfeit products as genuine Vera Bradley merchandise. Dkt. # 1, ¶ 35; Dkt. # 1-1 at 2-6. Therefore, Vera Bradley has sufficiently pled a false designation of origin claim.

### 3. Copyright Infringement

To prove its claim for copyright infringement, Vera Bradley must show (1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the Defendant. 17 U.S.C. § 501. However, it need not prove that Defendant copied a copyrighted work in its entirety, as substantial similarity suffices. *Shaw v. Lindheim,* 919 F.2d 1353, 1356 (9th Cir. 1990) (finding that copying may be established by showing the infringer had access to the protected work and that the two works are substantially similar). Here, Vera Bradley alleges to be the sole owner of the copyrights at issue and that Defendant infringed on its rights by reproducing, distributing copies of, publicly displaying, and creating derivative works of its designs and artistic creations without authorization. Dkt. #1 at 12; Dkt. # 1-1 at 7-16 (copies of Vera Bradley copyright registrations). The Court finds Vera Bradley has adequately pled that the Defendant infringed upon its copyrights.

//

//

ORDER – 5

#### 4. Breach of Contract

Finally, Amazon brings a claim for breach of contract. Amazon must show: (1) the existence of a contractual duty, (2) breach, (3) causation, and (4) damages. *Larson v. Union Investment & Loan Co.*, 168 Wash. 5, 10 P.2d 557 (1932); *Alpine Industries, Inc. v. Gohl*, 30 Wash.App. 750, 637 P.2d 998 (1981). Here, Amazon alleges Defendant signed an Amazon Business Solutions Agreement (BSA) which required her to not sell counterfeit products on the Amazon marketplace. Dkt. # 1 at 15. Amazon claims Defendant breached the agreement by selling counterfeit Vera Bradley products and that her breach damaged the integrity of Amazon's marketplace and tarnished its brand. *Id.* at 1. Based on the facts alleged, Amazon has established its claim.

Turning to the issue of prejudice to Plaintiffs, the Court finds this too weighs in favor of default judgment. Although Defendant was properly served with Plaintiffs' Complaint, she failed to plead or otherwise defend. As a result, Plaintiffs' claims cannot move forward on the merits and their ability to obtain effective relief will be negatively impacted. *Elektra Entm't Grp. Inc. v. Crawford,* 226 F.R.D. 388, 391 (C.D. Cal. 2005). In sum, having demonstrated the merits of their claims, the sufficiency of the Complaint, and the fact that they will suffer prejudice in the absence of a default judgment, Plaintiffs have established that these factors all favor the granting of a default judgment.

### ii. Sum of Money at Stake

This *Eitel* factor examines the "amount of money at stake in relation to the seriousness" of a defendant's conduct. *Eitel*, 782 F.2d at 1471; *Craigslist, Inc. v. Naturemarket, Inc*., 694 F.Supp.2d 1039, 1060 (N.D. Cal. 2010). Generally, courts in the Ninth Circuit discourage default judgments "when the money at stake in the litigation is substantial or unreasonable, unless "the sum of money at stake is tailored to the specific misconduct of the Defendant." *Ferriss v. All. Publ'g, Inc.*, No. 15-CV-05675-EMC, 2016 WL 7116110, at *8 (N.D. Cal. Dec. 6, 2016) (denying default judgment where the plaintiff's requested damages were between $1,214,275 and $2,098,275).

ORDER – 6

Plaintiffs allege that their request of $750,485 in statutory damages "is in the same general range of Kurth's total sales of Vera Bradley products through Amazon, which exceeded $613,000." Dkt. # 12 at 6. However, Plaintiffs admit their inability to show that all of Kurth's sales consisted of counterfeit products. Dkt. # 12 at 8. While the Court recognizes that Kurth's failure to appear has made it impossible to know with any precision what Vera Bradley's sales would have been absent the infringement, Plaintiffs do not provide the type of financial statements listing detailed information on sales, expenses, and profits that would allow the Court to conclude that their damages estimate is reasonable. *Wecosign, Inc. v. IFG Holdings, Inc.,* 845 F. Supp. 2d 1072, 1085 (C.D. Cal. 2012) (finding that plaintiff established $25,000 as an appropriate measure of lost profits); *Microsoft Corp. v. Lopez*, No. C08–1743JCC, 2009 WL 959219, at *3 (W.D. Wash. 2009) (finding a statutory damages award of $30,000.00 against defendant reasonable for willfully distributing counterfeit copies of Windows XP). Therefore, the Court finds this factor weighs against granting default judgment.

### iii. Possibility of Dispute as to Material Facts and Excusable Neglect

When default has been entered, the court must take the plaintiff's factual allegations as true except those concerning damages. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1212; *Microsoft Corp.*, 2009 WL 959219 at *3 . This *Eitel* factor considers the possibility any material facts in dispute. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.,* 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). In assessing this factor, courts examine whether a defendant would be able to dispute material facts if it had appeared in the lawsuit. *Elec. Frontier Found. v. Glob. Equity Mgmt. (SA) Pty Ltd.,* 290 F. Supp. 3d 923, 947 (N.D. Cal. 2017). Here, Kurth wrote a letter to Plaintiffs' counsel disputing certain allegations in the Complaint, including her knowledge that the products were counterfeit. Dkt. # 12; Dkt. # 16 at 6. Because these allegations are material to the question of damages, the Court finds this weighs against granting default judgment. However, because Defendant was served with the complaint and summons and failed to appear, the Court finds the "excusable

ORDER – 7

neglect" factor cuts in favor of granting default. *Microsoft Corp.*, 2009 WL 959219 at *3 (finding no evidence of excusable neglect where the plaintiff made numerous attempts to notify the defendant of potential liability and substantial time had elapsed since the complaint was filed).

### iv. Strong Policy Favors Decisions on the Merits

This *Eitel* factor requires the Court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits. *Eitel, 782 F.2d at 1472*; *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 358412, at *5. Where, as here, a party fails to defend on the merits of a claim, entry of default judgment is generally an appropriate remedy. *Elektra Entm't Grp. Inc.,* 226 F.R.D. at 392. However, this *Eitel* factor alone is not dispositive. *Microsoft Corp.*, 2009 WL 959219, at *3; *also see Getty Images (US), Inc. v. Virtual Clinics*, 2014 WL 358412, at *5 (W.D. Wash. 2014) ("[T]his factor almost always weighs against default judgment even when a decision on the merits is unlikely, but the factor alone does not prevent the court from granting default judgment"). Because Defendant has failed to appear or respond in this action, a decision on the matters appears unlikely. Therefore, this weighs in favor of granting default judgment.

### v. Summary of *Eitel* factors

In reviewing Plaintiffs' motion in light of the *Eitel* factors, the Court finds granting default judgment is appropriate. Accordingly, the Court turns to Plaintiff's requested damages and injunctive relief.

## B. Remedies

### i. Monetary Damages

Vera Bradley is entitled to separate statutory damages for Defendant's copyright and trademark violations. *See Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). Under the Copyright Act, a copyright infringer is liable for either statutory damages or "actual damages and any additional profits of the infringer." 17

ORDER – 8

U.S.C. § 504(a). As district courts have noted, where proving actual damages in a default judgment is difficult due to the defendant's absence, statutory damages are appropriate. *See, e.g.*, *Live Face on Web, LLC v. AZ Metroway, Inc.*, 2016 WL 4402796, at *7 (C.D. Cal. Aug. 15, 2016). Under the Copyright Act, the Court may award statutory damages between $750 and $30,000 for non-willful infringement of each copyrighted work. 17 U.S.C. § 504(c)(1). Enhanced damages of up to $150,000 per copyright infringed may be granted on a finding of willful infringement. 17 U.S.C. 504(c)(2). "The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima [of $30,000] and minima [of $750]." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984).

Under the Lanham Act, the Court may award statutory damages between $1,000 and $200,000 for non-willful infringement of each trademark used to pass off counterfeits. 15 U.S.C. § 1117(c)(1). The number of awards depends on the number of works infringed, not the number of alleged infringements. *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1189-90 (9th Cir. 2016). If the Court finds that the use of the counterfeit mark was willful, it may award up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed. *Id.* § 1117(c)(2). A court has wide discretion in determining the amount of statutory damages to award. *See Columbia Pictures Indus. Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001).

As noted above, Vera Bradley seeks $750,000 in statutory damages for violations of its five copyrights and three trademarks. Vera Bradley explains that the $750,000 amount is in the same general range of Kurth's total sales of "Vera Bradley" products through Amazon, which exceeded $613,000. Dkt. # 12 at 7. In further support, Vera Bradley claims that the evidence strongly suggests Defendant's conduct is willful. Dkt. # 12 at 7. The Court finds that there is evidence of at least two instances of willful infringement. *See* Dkt. # 13, ¶ 5; Dkt. # 14, ¶ 5. However, the Court cannot ignore the fact that the evidence fails to show that all of Kurth's sales consisted of counterfeit products.

ORDER – 9

*Id.* While it is also true that Vera Bradley could not conduct discovery to determine its damages, the evidence before the Court detailing two instances of counterfeit sales over a eight month period does not support levying statutory damages typically awarded where defendants operate a business with the sole purpose of selling counterfeit goods. *Chanel, Inc. v. Lin*, No. C–09–04996 JCS, 2010 WL 2557503, at \*13 (N.D. Cal. May 7, 2010) ($456,000 statutory damage award against online business selling counterfeit goods that infringed nineteen marks).

Accordingly, the Court awards $4,000 under the Lanham Act for each instance of willful infringement per registered trademark, totaling $24,000. *See Chanel, Inc. v. Huangteng Weng*, 2011 WL 13244271 (N.D. Cal. Apr. 18, 2011) (awarding $4,000 for per good sold per trademark for willful counterfeiting of handbags and wallets); *Coach, Inc. v. Diana Fashion*, 2011 WL 6182332 (N.D. Cal. Dec 13, 2011) (awarding $50,000 in statutory damages where there were at least four trademarks infringed on the counterfeit handbag and evidence that there were roughly 15-20 handbags on sale at the defendants' store). Additionally, after considering "the nature of the copyright, the circumstances of the infringement and the ... express qualification that in every case the assessment must be within the prescribed maximum or minimum," the Court similarly finds $4,000 per copyrighted work infringed, totaling $20,000, reasonable and sufficient to sanction Defendant and deter future infringement. *See Microsoft Corp. v. Coppola*, 2007 WL 1520964, at \*4 (N.D. Cal. May 24, 2007) (awarding $1,500 per copyright infringed where defendant had willfully sold three copies of counterfeited products to plaintiff's investigators). In sum, the Court awards $44,000 in statutory damages.

### ii. Injunctive relief

Plaintiffs also seeks to permanently enjoin Kurth from engaging in any further infringement of Vera Bradley's intellectual property and from any further sales of goods through Amazon's marketplace. Dkt. #12 at 7. Because the injunction is sought under the Lanham Act, the Court only analyzes the request as pertaining to Vera Bradley. See Dkt.

ORDER – 10

# 1 (noting trademark claim brought only by Vera Bradley). For the Court to grant a permanent injunction, a plaintiff must demonstrate that: (1) it has suffered irreparable injury; (2) the remedies available at law are inadequate; (3) a remedy in equity is warranted, considering the hardships imposed on the parties; and (4) a permanent injunction would not be contrary to the public interest. *See Reno Air Racing Assn v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006). Generally, an injunction must be narrowly tailored to remedy only the specific harms shown by a plaintiff, rather than to enjoin all possible breaches of the law. *See Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Based on the allegations in the Complaint, Vera Bradley has demonstrated that is entitled to permanent injunctive relief against Defendant. A plaintiff's loss of control over its business reputation due to a defendant's unauthorized use of its protected copyrights and trademarks during the pendency of an infringement action constitutes irreparable harm. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc*., 240 F.3d 832, 840 (9th Cir. 2001). Because Vera Bradley has shown that Kurth's conduct continued during this lawsuit, statutory damages will not fully remedy Vera Bradley's injury and does not address Kurth's ability to further violate Very Bradley's intellectual property. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Furthermore, there is greater public interest in protecting the rights of copyright and trademark owners than in allowing an infringer to continue using the trademarked and copyrighted materials. *Perfect 10 v. Amazon.com, Inc*., 487 F.3d 701 (9th Cir. 2001).

Nevertheless, the Court finds that the scope of the proposed injunction to be overbroad. In Paragraph (a) of the proposed injunction seeks to enjoin Defendant from "opening any Amazon Seller Accounts or otherwise selling products on any of Amazon's websites." Dkt. # 12-1 at 2. This request is far too overbroad given the evidence before the Court and does more than remedy the specific harm at issue. *Price*, 390 F.3d at 1117. Accordingly, the Court strikes paragraph (a) of the proposed injunction, but otherwise grants the requested relief.

ORDER – 11

### iii. Attorney's fees

Plaintiffs seek to recover attorney's fees and costs as the prevailing party under the Copyright Act. *See* 17 USC § 505. An award of attorney fees to a prevailing plaintiff "serve[s] the purpose of encouraging private enforcement and deterring infringements." *Frank Music Corp. v. Metro–Goldwyn–Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). In determining whether to award attorney fees, the district court should consider the degree of success obtained by the moving party, the frivolousness of any claims, the motivation for the claims, the objective reasonableness of the factual and legal arguments advanced in support of them and the need for compensation and deterrence. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996); *Maljack Productions, Inc. v. GoodTimes Home Video*, 81 F.3d 881, 889 (9th Cir. 1996). Exceptional circumstances are not a prerequisite for an award of attorney's fees and costs and district courts may freely award fees that promote the Copyright Act's objectives. *See Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996); *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211 (9th Cir. 1997).

To determine attorney's fees, the Court uses the "lodestar" method which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate. *See, e.g.*, *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). In calculating the lodestar, the Court should consider any of the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). *See Jordan*, 815 F.2d at 1264 n. 11 (noting that the Ninth Circuit no longer requires that the district court address every factor listed in *Kerr*). Here, Plaintiffs' counsel spent 37.3 hours on this litigation and note that the rates charges by their firm Davis Wright Tremaine to be within the range commensurate with the rates in the Western District of Washington. Dkt. # 16 (hourly rates of approximately $550 and $330 for attorneys with thirty and six-years experience, respectively). Given the Court's familiarity with rates in the Seattle market, and the lack of contrary evidence, the Court finds the rates charged and the hours expended

ORDER – 12

to be reasonable. *See Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

Plaintiffs also seek to recover costs in the amount of $485.00. This includes the Court's $400 filing fee and an $85 fee incurred for serving Kurth with the summons and complaint. The Court finds these costs reasonable.

In sum, the Court awards Plaintiffs $15,135.70 in attorney's fees and $485.00 in costs.

## V. CONCLUSION

For all of the above-stated reasons, Plaintiffs' motion for entry of default judgment is **GRANTED**. Dkt. # 12. Vera Bradley's motion for a permanent injunction is also **GRANTED** as stated in the Order. Vera Bradley has the responsibility to serve the injunction order in such a manner as to make it operative in contempt proceedings. Furthermore, Plaintiff is awarded $15,135.70 in damages and $485 in costs and attorney's fees.

DATED this 30th day of July, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 13